IN THE UNITED STATES DISTRICT COURT,
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| BREANN KANIEWSKI,<br><br>Plaintiff,<br><br>v.<br><br>ROUNDY'S ILLINOIS, LLC<br><br>Defendant. | Case No. _____ |

# COMPLAINT

Plaintiff, Breann Kaniewski ("Ms. Kaniewski), by and through her undersigned counsel, states as follows as her Complaint against Defendant, ROUNDY'S ILLINOIS, LLC ("ROUNDY'S"):

### The Parties

1. Ms. Kaniewski is a female who resides in Wilmington, Illinois.

2. Defendant, ROUNDY'S, is an Illinois limited liability company that regularly conducts business within this District -- including by way of its ownership and operation of retails stores. Ms. Kaniewski was formerly employed by the Defendant.

### Jurisdiction and Venue

3. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.*, and as amended by 42 U.S.C. § 2000e(k).

4. This Court can exercise personal jurisdiction over ROUNDY'S, and venue is

proper in this District, because the acts complained of herein took place in this District, and at all relevant times ROUNDY'S regularly and continuously transacted and was doing business within this District – including by way of its employment of Ms. Kaniewski.

**Factual and Procedural Background**

5. Ms. Kaniewski was employed by ROUNDY'S from in or about December 2015 until her employment was terminated in or about December 2016. At all times during her employment, Ms. Kaniewski performed her job-related duties in an excellent manner and satisfied the legitimate expectations of ROUNDY'S.

6. In or about early 2016, Ms. Kaniewski informed ROUNDY'S that she was pregnant with her second child, and ROUNDY'S was on notice of that fact.

7. Throughout her pregnancy, Ms. Kaniewski's direct Supervisor, *inter alia*, made derogatory comments about her pregnancy; told her that working with kids would not work out; and that it would not be plausible for her to work the schedule he demanded and would demand. In addition, he told her that she would not be allowed to use a breast pump during working hours, or to take breaks to pump.

8. Ms. Kaniewski went out on pregnancy leave in or about September 2016.

9. Ms. Kaniewski was to return to work in or about January 2017.

10. However, at that time and in connection with her contemplated return, ROUNDY'S slashed Ms. Kaniewski's pay down to minimum wage; cut her hours from full-time to less than 20 hours per week, in other words, part-time status; and indicated that there was no guarantee that she would be scheduled for any hours at all.

11. Accordingly, at that time, ROUNDY'S constructively and retaliatorily terminated Ms. Kaniewski's employment.

11. On or about June 30, 2017, Ms. Kaniewski timely filed a Charge of Discrimination against ROUNDYS with the EEOC.

12. On or about December 27, 2017, the EEOC issued Ms. Kaniewski a Notice of Right to Sue Letter, authorizing her to bring suit within 90 days.

13. Accordingly, Ms. Kaniewski has timely filed this action and satisfied all procedural prerequisites to bringing this suit.

## COUNT I
### (Pregnancy Discrimination under 42 U.S.C., § 2000e(k))

14. Ms. Kaniewski incorporates by reference as though fully set forth herein Paragraphs 1 through 13 as Paragraph 14 of Count I of her Complaint.

15. This claim is brought pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 28 U.S.C. § 42 U.S.C. § 2000e, *et. seq.*, as amended by the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k) ("the Act").

16. Under Title VII and the Act, ROUNDY'S is an "employer" subject to suit, and Ms. Kaniewski is an "employee" and thus entitled to bring suit against ROUNDY'S.

17. It was unlawful for ROUNDY'S "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to . . . compensation, terms, conditions, or privileges of employment, because of such individual's. . . sex." *See* 42 U.S.C. § 2000e-2(a)(1). "Because of sex" has been defined by the Act to mean "because of or on the basis of pregnancy, childbirth, or related medical conditions." 42 U.S.C. § 2000e(k).

18. Thus, ROUNDY'S was prohibited from discriminating or retaliating against Ms. Kaniewski based upon, *inter alia*, her pregnant status or pregnancy.

19. ROUNDY'S violated Title VII and the Act by discriminating and retaliating against Ms. Kaniewski based upon and because of her pregnant status and pregnancy by materially

3

altering the terms and conditions of her employment, taking adverse actions against her, and firing her.

20. ROUNDYS'S pregnancy-based discrimination and retaliation against Ms. Kaniewski was willful, calculated, and intentional.

21. As a direct and proximate cause of ROUNDYS's intentional discriminatory and retaliatory acts and practices, Ms. Kaniewski has suffered and will continue to suffer monetary and emotional injuries and damages.

22. ROUNDY'S engaged in the discriminatory and retaliatory acts and practices with malice or with reckless indifference to Ms. Kaniewski's federally protected rights.

**WHEREFORE**, Plaintiff, Breann Kaniewski, by and through her undersigned counsel, respectfully requests the entry of an Order granting judgment in her favor and against Defendant, ROUNDY'S, on Count I of her Complaint, for and all damages that she is entitled to recover, and for punitive damages, attorneys' fees and costs, and for all such other and further relief available to her under Title VII and as this Court deems appropriate under the circumstances, and further Plaintiff demands trial by jury.

**JURY TRIAL DEMANDED**

**RESPECTFULLY SUBMITTED,**

By: **s/Michael I. Leonard**
**Counsel for Plaintiff**

**LEONARDMEYER, LLP**
Michael I. Leonard
120 North LaSalle, 20th Floor
Chicago, Illinois 60602
(312)380-6559 (direct)
(312)264-0671 (fax)
mleonard@leonardmeyerllp.com