**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION**

| | |
|---|---|
| BREANN KANIEWSKI, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ROUNDY'S ILLINOIS, LLC, ) <br> ) <br> Defendant. ) | Case No. 18 – cv – 02082 |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S
<u>IMPROPER LOCAL RULE 56.1(b)(3) RESPONSES</u>**

Defendant Roundy's Illinois, LLC ("Defendant," "Mariano's," or the "Company"), respectfully submits this memorandum of law in support of its Motion to Strike Plaintiff's Improper Local Rule 56.1(b)(3) Responses.

**I. INTRODUCTION**

As an initial matter, Mariano's notes that Plaintiff's Local Rule 56.1(b)(3) Response (Dkt. No. 32 – hereafter, "Response") is incomplete, and fails to incorporate all of the matters set forth in Defendant's Separate Statement of Undisputed Facts (Dkt. No. 24 – hereafter, "SSUF"). Plaintiff has omitted and/or altered evidentiary materials set forth in paragraphs **4-5**, **12**, **18**, **20**, **31-32**, **42 and 57** of Mariano's SSUF, and has removed all organizational headings. While Plaintiff's removal of headings is merely annoying (they help organize the evidence and make the SSUF easier to navigate), her omission of evidentiary materials is a substantive violation of Local Rule 56.1(b)(3)(A), which requires the responding party to fairly include "a concise summary of the paragraph to which it is directed." Mariano's therefore respectfully directs the Court's attention to the *original* ¶¶ 4-5, 12, 18, 20, 31-32, 42 and 57 of Defendant's SSUF (Dkt. No. 24), as opposed to the incomplete reproductions offered by Plaintiff in her Response (Dkt. No. 32).

In addition, a great number of Plaintiff's responses are improper, and should be stricken. In many cases, Plaintiff has offered a response that includes evidence which does nothing to rebut the subject matter of the statement asserted in Mariano's SSUF. In many instances, the additional testimony offered by Plaintiff in her response actually *corroborates and supports* – rather than refutes – the asserted fact. In other circumstances, Plaintiff's response merely adds extraneous information that should be disregarded by the Court. And still in other circumstances, Plaintiff has improperly raised "additional facts" in her response, instead of in her corresponding Local Rule 56.1(b)(3)(C) Statement. Mariano's moves the Court to strike these improper responses.

## II. LEGAL STANDARD

The Northern District of Illinois promulgated Local Rule 56.1 to delineate the parties' obligations in summary judgment proceedings. *Kasak v. Village of Bedford Park*, 563 F.Supp.2d 864, 867 (N.D. Ill. 2008) (citing *Malec v. Sanford*, 191 F.R.D. 581, 583, 2000 WL 267776, at *1 (N.D. Ill. Mar. 7 , 2000)). A district court has broad discretion to require strict compliance with Local Rule 56.1. *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 381 n. 2 (7th Cir. 2008). "[W]here a non-moving party denies a factual allegation…that denial must include a specific reference to…the record that *supports* such a denial." *Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004) (emphasis added). "This rule may be the most important litigation rule outside the statutes of limitation because the consequences of failing to satisfy its requirements are so dire. Essentially, the penalty for failure to properly respond to a movant's 56.1(a) statement is usually summary judgment for the movant…because the movant's factual allegations are deemed admitted." *Malec*, 191 F.R.D. at 584, 2000 WL 267776, at *2-3. Local Rule 56.1 statements and responses that contain "irrelevant information, legal arguments, and conjecture" do not comply with the Local Rules and should be stricken. *See, Cady v. Sheahan*,

467 F.3d 1057, 1060 (7th Cir. 2006); *see also, Levin v. Grecian*, 974 F.Supp.2d 1114, 1117-18 (N.D. Ill. 2013) (ignoring "extraneous matter" in Plaintiff's Local Rule 56.1(b)(3)(B) responses).

### III. ARGUMENT

**A. PLAINTIFF'S RESPONSES TO PARAGRAPHS 59-63 AND 73 MUST BE STRICKEN BECAUSE HER TESTIMONY LACKS FOUNDATION AND IS SPECULATIVE**

In her Response to SSUF ¶¶ 59-63, and SSUF ¶ 73, Plaintiff proffers her own deposition testimony relating to topics about which she has no foundation. As such, her testimony is based on nothing more than her own speculation; it lacks evidentiary foundation, and should be stricken from her Response. "[A] court may consider only admissible evidence in assessing a motion for summary judgment." *Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). "[C]onclusory statements, indication of opinion, or speculation [ ] do not produce a genuine issue for trial under Rule 56(c)." *Jordan v. Summers*, 205 F.3d 337, 344 (7th Cir. 2000); *see also Wiggen v. Leggett & Platt, Inc.*, 2004 WL 2515823 (N.D. Ill. 2004) (striking "self-serving legal conclusions" from response to motion for summary judgment).

Plaintiff admitted that she lacks foundation to testify about any of the following topics: (a) the logistical process by which Store Schedules are created; (b) who at Mariano's would have the ***authority*** or ***ability*** to actually schedule Plaintiff for less than full-time hours; (c) who at Mariano's would have the ***authority*** or ***ability*** to reduce Plaintiff's compensation rate; and (d) whether, in fact, Plaintiff was ever actually scheduled for less than full-time hours, or had her compensation reduced. Specifically, Plaintiff testified, admits, and does not dispute:

- She has no knowledge about the responsibilities and scope of authority of a Pharmacy Manager, or anyone in Mariano's Human Resources Department. (SSUF, ¶ 48).

- She has no knowledge about the logistical steps that would have needed to occur in order to move her to part-time status – or even to schedule her for less than 35 hours in any week. (*Id.*, ¶ 49).

3

- She does not know whether Mr. Tutko, specifically, had the authority, or even the ability, to reduce her pay and hours. (*Id.*, ¶ 50); and

- She does not know who at Mariano's *would have* the authority to reduce her pay or hours. (*Id.*, at ¶ 51).

The undisputed facts set forth in SSUF ¶¶ 59-63 relate to: (a) the scope of Mr. Tutko's authority and abilities as a Pharmacy Manager; (b) the scope of Jordan Kulawiak's authority and abilities as the People Services Manager (PSM) at Store No. 526; and (c) the scope of Christa Bertolini's authority and abilities as Mariano's VP of Human Resources. (SSUF, ¶¶ 59-63). These facts are based on the first-hand knowledge and testimony of Ms. Bertolini, Ms. Kulawiak, and Mr. Tutko himself. Taken together, these facts establish that Mr. Tutko lacked both the authority and ability to reduce Plaintiff's hours, cut her pay, or change her employment status from full-time to part-time. (*Id.*). Despite Plaintiff's lack of knowledge and evidentiary foundation – and in what solely appears to be an attempt to manufacture a disputed issue of material fact – Plaintiff responds to these undisputed facts by proffering her own testimony on subjects about which she admits having no knowledge whatsoever. (*Cf.*, Response ¶¶ 48-51, and Response ¶¶ 59-63 and 73).

Because Plaintiff has no personal knowledge about the authority of anyone at Mariano's, including Mr. Tutko, to modify her hours or pay, her testimony on that subject is pure speculation on her part. And she cannot create an issue of material fact by relying on testimony that has no evidentiary foundation. *See, Trapaga v. Cent States Joint Bd. Local 10*, No. 05 C 5742, 2007 WL 1017855, at *18 (N.D. Ill. Mar. 30, 2007) (striking paragraph in 56.1 statement premised on testimony that was "speculative, conclusory, not based on personal knowledge, and otherwise lacking foundation"). *See also, Cady*, 467 F.3d at 1060 (Local Rule 56.1 statements that contain "irrelevant information, legal arguments, and conjecture" do not comply with the Local Rules and are subject to being stricken); *Gunville*, 583 F.3d at 985. Accordingly, the testimony proffered by

4

Plaintiff in her Response to SSUF ¶¶ 59-63 and 73 should be stricken, and the asserted facts deemed admitted.

### B. PLAINTIFF'S RESPONSE TO PARAGRAPH 120 IS BASED ON INADMISSIBLE HEARSAY

Plaintiff responds to SSUF ¶ 120 by proffering inadmissible hearsay testimony. "[H]earsay is inadmissible in summary judgment proceedings to the same extent that it is inadmissible in a trial." *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997). In her Response, Plaintiff cites her own deposition testimony to contradict the first-hand accounts of Ms. Gacek and Mr. Parent (the two staff pharmacists who worked at Store No. 526), that they have never observed, and are not aware of, Mr. Tutko ever treating a pregnant employee any differently than a non-pregnant employee.

Specifically, Plaintiff testified that Ms. Gacek must have known about Mr. Tutko's conduct because "Me and [Ms. Gacek] talked about it during my shifts." (Response, ¶ 120). Whatever Plaintiff may have said to Ms. Gacek during their shifts (and vice-versa) constitutes inadmissible hearsay, and is not subject to any exceptions under Fed. R. Evid. 803-804. Simply put, plaintiff cannot rebut the sworn affidavit testimony of Ms. Gacek (or Mr. Parent) by claiming "I told her what Mr. Tutko did." Plaintiff's Response should be stricken, and SSUF ¶ 120 should be admitted. *See, DiPerna v. Chicago Sch. of Prof'l Psychology*, 222 F. Supp. 3d 716, 724 (N.D. Ill. 2016), *aff'd*, 893 F.3d 1001 (7th Cir. 2018) (citing *Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009) (deposition testimony constituting inadmissible hearsay is disregarded on summary judgment)); *see also, De v. City of Chicago*, 912 F.Supp.2d 709, 714 (N.D. Ill. 2012).

### C. PLAINTIFF'S RESPONSE TO PARAGRAPH 92 IS IMPROPER

Mariano's SSUF ¶ 92 asserts that Plaintiff responded to a Rule 33 Interrogatory (asking her to identify each instance of harassment she allegedly suffered during the course of her employment) by describing a single incident of purported harassment, where Mr. Tutko "did not

want to allow her to go home to rest and recover" after fainting. (SSUF, ¶ 92). In her Response, Plaintiff disputes the asserted fact, based on the improper and inadmissible components of her interrogatory answer. (Response, ¶ 92).

Rule 33 of the Federal Rules of Civil Procedure mandates that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). This provision requires that each interrogatory answer "must be complete in itself and should not refer to…other interrogatories, at least where such references make it impossible to determine whether an adequate answer has been given." *Jefferson v. Davis*, 131 F.R.D. 522, 527, n. 8 (N.D. Ill. 1990) (citing 4A Moore's *Federal Practice,* ¶ 33.25 (2d ed. 1985)). *See also, Uresil Corp. v. Cook Grp., Inc.*, 135 F.R.D. 168, 172 (N.D. Ill. 1991) ("On the most general level, an 'answer to an interrogatory must be complete in itself and should not refer to pleadings, or to depositions, or other documents or to other interrogatories, at least where such references make it impossible to determine whether an adequate answer has been given without an elaborate comparison of answers'").

Plaintiff's answer to Interrogatory No. 4 apparently seeks to incorporate by reference her answers to Interrogatory Nos. 1 and 2, which, in turn, vaguely and evasively seek to incorporate additional non-responsive information from Plaintiff's Complaint. (*See*, Pl.'s Ans. to Interrog. No. 4, attached as "Exhibit K" to Defendant's SSUF Appendix of Exhibit). Plaintiff now seeks to utilize her answer to Interrogatory 4 to "incorporate" this other twice-removed information, which is largely nonresponsive and requires an elaborate comparison of answers that contain extraneous information to discern whatever else Plaintiff might believe is responsive to the request. Plaintiff's discovery antics do not satisfy the mandate of Rule 56.1, which requires her to cite specific evidentiary materials justifying any denial. *See, Malec*, 191 F.R.D. at 584 ("nonmovant must cite specific evidentiary materials justifying the denial [and] failure to adhere to these requirements is

equivalent to admitting the movant's case"). Because Plaintiff's Response – and underlying interrogatory answer – improperly incorporates extraneous material, it should be stricken. SSUF ¶ 92 should be deemed admitted.

   D. **PLAINTIFF'S RESPONSES TO PARAGRAPHS 34, 35, 37, 47, 56, 83, 85, 103 AND 104 SHOULD BE STRICKEN BECAUSE PLAINTIFF'S EVIDENCE DOES NOT REBUT THE ASSERTED FACT**

In several of her Responses, Plaintiff offers evidence that does not actually refute the facts asserted in Mariano's SSUF. "[W]hen a responding party's statement fails to controvert the facts as set forth in the moving party's statement in the manner dictated by the rule, those facts shall be deemed admitted for purposes of the motion." *Smith v. Lamz*, 321 F.3d 680 (7th Cir. 2003); *see also Kinsella v. Am. Airlines, Inc.*, 685 F. Supp. 2d 891, 899 (N.D. Ill. 2010) ("where a proposed statement of fact is supported by the record and not adequately rebutted, the court will accept that statement as true for purposes of summary judgment").

**SSUF ¶ 34:** This paragraph relates to the meeting between Plaintiff and Mr. Tutko that occurred in December of 2016 – either on December 8, 2016 (as Mr. Tutko recalls, and clearly testified to in his deposition) or on December 10, 2016 (as Plaintiff testified to, but could not quite recall). Whether the meeting occurred on December 8th or December 10th is immaterial, however; the fact that the meeting did not occur as originally scheduled on Monday December 5th – and, instead, occurred *after* Wednesday, December 7th – is material, and explains why Plaintiff could not have been placed on a work schedule until Monday, December 19, 2016. (SSUF, ¶¶ 32, 44). Plaintiff does not dispute this fact, but claims in her response that she "does not state whether she as aware of a meeting on December 5, 2016." (Response, ¶ 34). The testimony proffered in Plaintiff's Response does not address, let alone rebut, the fact asserted. Plaintiff presents no evidence to show that she actually attended the meeting as originally scheduled on December 5th,

7

nor does she present evidence that would rebut Mr. Tutko's testimony. Accordingly, the fact asserted in SSUF ¶ 34 should be admitted.

**SSUF ¶ 35:** This paragraph establishes that Plaintiff could not recall the precise date of her December 2016 meeting with Mr. Tutko – and, thus, she is unable to rebut Mr. Tutko's recollection that the meeting occurred on December 8, 2016. Again, Plaintiff does not dispute the asserted fact. Instead, Plaintiff states that "Defendant **[counsel]** informed Plaintiff that the meeting happened on December 10, 2016." (Resp. ¶ 35). The testimony proffered by Plaintiff in her Response does not refute the underlying fact, and SSUF ¶ 35 should be deemed admitted. *See, Basta v. American Hotel Register Co.*, 872. F.Supp.2d 694, 699-700 (N.D. Ill. 2012) (J. Kendall) (deeming statements of fact admitted and uncontroverted where "[n]othing in the [response or] cited portion of the transcript refers to, let alone rebuts, the issue that is the subject matter of [the] paragraph").

**SSUF ¶ 37:** This paragraph establishes that Plaintiff did not "recall what, specifically, Mr. Tutko purportedly said about reducing her hours during their December 8, 2016 meeting." In her Response, Plaintiff does not actually dispute the asserted fact; instead, she "objects to Defendant's statement that she cannot 'recall, what, specifically, Mr. Tutko purportedly said about reducing her hours…'" by directing the Court to testimony that supports exactly that fact:

> Q: Okay. So walk me through the conversation. I need to know exactly what he said and when he said it?
>
> A: I told you ***I don't remember how the conversation went exactly.***

(Response, ¶ 37) (emphasis added).

Plaintiff then proffers additional testimony that Mr. Tutko "referred" to part-time status during the meeting, and suggested she would not be scheduled for more than 20 hours per week. (*Id.*). But the additional testimony proffered by Plaintiff has no bearing on whether she could recall specifically what Mr. Tutko said about reducing her hours during the December 8, 2016

8

meeting. In any event, Plaintiff does not dispute that Mr. Tutko informed Plaintiff during their December 8, 2016 meeting that a work schedule of 20-25 hours per week would cause Plaintiff to move from "full-time" to "part-time status, which meant dropping from a "Level 3" wage scale to a "Level 2" wage scale under the CBA. (SSUF, ¶ 45). Thus, the additional testimony proffered by Plaintiff in her Response does not refute, and is purely extraneous to, the fact asserted, and it should be disregarded by the Court. *See, Levin*, 974 F. Supp. 2d at 1117-18 (ignoring "extraneous matter" in Plaintiff's Local Rule 56.1(b)(3)(B) responses).

**SSUF ¶ 47:** This paragraph establishes the fact that Plaintiff's belief about the reduction in pay and hours that she would experience after her return to work was based on the "scheduling notes" that Mr. Tutko presented to her during their December 8, 2016, meeting. Specifically, Plaintiff testified that she assumed Mariano's had cut her pay, and that she would be scheduled for less than 35 hours "according to Ryan [Tutko]'s schedule he gave me." (SSUF, ¶ 47).[1] In response, Plaintiff merely provides additional testimony that confirms that she was relying on Mr. Tutko's "scheduling notes" to support her claim that Mariano's "actually in fact cut" her pay. (Response, ¶ 47). The additional testimony only reinforces the asserted fact – *i.e.,* her assumptions about a reduction in pay are based solely on Mr. Tutko's "scheduling notes." (*Id.*). Plaintiff does not (and cannot) dispute that Mr. Tutko's "scheduling notes" are mere suggestions that may – or may not – be inputted by the PSM into the Company's Kronos software and implemented in the official Store Schedule. (SSUF, ¶ 57). Because the additional testimony cited in Plaintiff's Response does not refute – but is consistent with – the asserted fact, her response should be stricken and the statement should be deemed admitted and uncontroverted. *See, Basta*, 872. F.Supp.2d at 699-700.

---

[1] Even if Plaintiff would like to (mis)characterize Mr. Tutko's "scheduling notes" as an official Store Schedule (they were not), her own characterizations do not create a genuine issue of material fact. *See, Hartford Fire Ins. Co. v. Taylor*, 903 F.Supp.2d 623, 633 (N.D. Ill. 2012) (a party's own statements characterizing evidence are not permitted in a Local Rule 56.1 statement).

**SSUF ¶ 56:** This paragraph establishes the undisputed fact that a Store Director can only make minor adjustments to a Store Schedule (for example, to save on labor costs), but cannot reduce the hours of a full-time employee below 35 hours per week. In her Response, Plaintiff once again does not dispute the underlying fact, but instead proffers testimony that actually supports it:

> Q: Okay. Could you reduce a full-time employee's hours from 35 to 40 down to something below 35 hours?
>
> A: I could not.
>
> Q: So could you move a full-time employee to a part-time status? Did you have that authority?
>
> A: Not without their willingness to do that, the employee. [. . .] I don't have the authority to just automate that." (*Id.*).

(Response, ¶ 56).

Once again, the testimony cited by Plaintiff does not refute the asserted fact, and SSUF ¶ 56 should be deemed admitted. *See, Basta*, 872. F.Supp.2d at 699-700; *see also, Ammons*, 368 F.3d at 817.

**SSUF ¶ 83:** This paragraph establishes the undisputed fact that Mr. Tutko informed Plaintiff during their December 8, 2016, meeting that she would be allowed to pump at work during the scheduled breaks already provided to her under the CBA – as mandated by Illinois law in effect at that time, *see* 820 ILCS 260/10 (West 2017) – and she would need to speak with the Human Resources department if she required additional time. In her Response, Plaintiff again proffers testimony that does not rebut, but rather corroborates, the asserted fact. Plaintiff's testimony that she "would only be allowed to pump on the breaks that I get" (Pl. Dep. Tr., p. 184, line 5 – p. 185, line 23), is entirely consistent with Mr. Tutko's testimony that Plaintiff could pump on her breaks, and for any additional time she needed she would have to talk with HR. (R. Tutko Dep. Tr., p. 91, lines 2-23). Because Plaintiff's Response does not refute any of the asserted facts, SSUF ¶ 83 should be deemed admitted. *See, Basta*, 872. F.Supp.2d at 699-700, citing *Smith v. Lamz*, 321 F.

3d 680 (7th Cir. 2003) ("[W]hen a responding party's statement fails to controvert the facts as set forth in the moving party's statement…those facts shall be deemed admitted….").

**SSUF ¶ 85:** This paragraph establishes that Mariano's policy is to follow the Illinois' Nursing Mothers in the Workplace Act, and that the Company's Employee Handbook guarantees access to a clean and secure private space – a "mother's room" – for nursing mothers who need to pump at work. Plaintiff does not dispute this fact, but offers the "additional fact" that she was not aware of the Company's policy. (Response, ¶ 85). Once again, this "additional fact" does nothing to dispute whether Mariano's follows the Illinois Nursing Mothers in the Workplace Act or guarantees employees access to a "mother's room." Plaintiff's professed lack of knowledge about this policy does not dispute the fact that the policy exists and was available to Plaintiff. Moreover, Plaintiff's "additional fact" should have been set forth (if at all) in her Local Rule 56.1(b)(3)(C) Statement of Additional Facts. The material should be stricken from her Response. *See, Johnson v. Cnty of Cook*, 2012 WL 2906585, at *12 (N.D. Ill. July 16, 2012) ("It is inappropriate for a non-movant to include additional facts, meaning facts extraneous to the substance of the paragraph to which the non-movant is responding, in a Local Rule 56.1(b)(3)(B) response"). Finally, Plaintiff's professed ignorance is inconsistent with her admitted acknowledgement that she had received a copy of Mariano's employee handbook, and that she had read and understood its contents (including the "Mother's Room" policy contained therein). (**SSUF, ¶ 18**; Response, ¶ 18).[2]

**SSUF ¶ 103:** This paragraph establishes the undisputed fact that Plaintiff never initiated a union grievance in connection with any of the issues of which she complains in this lawsuit. Plaintiff does nothing to refute this fact in her Response; instead, she proffers testimony to explain *why* she chose not to file a grievance: "as her explanation for why she didn't file a union

---

[2] Once again, the Court must refer to the original SSUF at ¶ 18, because Plaintiff failed to include her signed Acknowledgement Form in the language of her Response.

11

grievance….". (Response, ¶ 103). Once again, the proffered testimony constitutes additional material that does not refute the underlying asserted fact. It should be stricken, and SSUF ¶ 103 should be deemed admitted.

**SSUF ¶ 104:** Similarly, this paragraph establishes the undisputed fact that Plaintiff never complained about Mr. Tutko to Mariano's HR Department, or the Store Director. In her Response, Plaintiff proffers testimony that establishes exactly those facts: *i.e.,* Plaintiff did not file a formal written complaint with HR; she orally communicated with Jordan Kulawiak (the PSM) and Mary Keane (her Union Representative); and she never submitted an ADA workplace accommodation request Mariano's. (Response, ¶ 104). Plaintiff's Response is thus consistent with, and does not refute, the underlying facts, and SSUF ¶ 104 should be admitted.

### III. CONCLUSION

Plaintiff's responses to Paragraphs 34-35, 37, 47, 56, 59-63, 73, 83, 85, 92, 103-104 and 120 of Mariano's Separate Statement of Undisputed Facts, as outlined above, are deficient under the standards promulgated by the Northern District of Illinois in Local Rule 56.1. Accordingly, Plaintiff's responses should be stricken, and the corresponding statements of fact set forth by Mariano's should be deemed admitted and uncontroverted.

Dated: March 4, 2019          Respectfully submitted,

         **ROUNDY'S ILLINOIS, LLC, d/b/a MARIANO'S, Defendant**

         By:*/s/ Christopher S. Griesmeyer*
           One of Its Attorneys
           Christopher S. Griesmeyer (ARDC No. 6269851)
           GREIMAN, ROME & GRIESMEYER, LLC
           Two North LaSalle St., Suite 1601
           Chicago, Illinois 60602
           (312) 428-2750
           cgriesmeyer@grglegal.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 4, 2019, a copy of the foregoing *Memorandum of Law in Support of Defendant's Motion to Strike Plaintiff's Improper Local Rule 56.1(b)(3) Responses,* was filed with the Court's CM/ECF system, which will provide notice to all counsel of record registered to receive notices, at the addresses listed below:

>Michael I. Leonard
>Madelaine Thomas
>Leonard Meyer, LLP
>120 North LaSalle, 20th Floor
>Chicago, Illinois 60602
>mleonard@leonardmeyerllp.com
>mthomas@leonardmeyerllp.com

>*/s/ Christopher S. Griesmeyer*
>Christopher S. Griesmeyer
>GREIMAN, ROME & GRIESMEYER, LLC
>Two North LaSalle St., Suite. 1601
>Chicago, Illinois 60602
>Telephone: (312) 428-2750
>Facsimile: (312) 332-2781
>cgriesmeyer@grglegal.com